UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RUDOLPH BETANCOURT, Individually,

    Plaintiff,

vs.   Case No.

SWVP SAWGRASS MILLS LLC, a Delaware
Limited Liability Company, doing business as
DoubleTree by Hilton Hotel Sunrise - Sawgrass
Mills,

    Defendant.
_____/

## COMPLAINT
*Injunctive Relief Demanded*

Plaintiff, RUDOLPH BETANCOURT, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SWVP SAWGRASS MILLS LLC, a Delaware Limited Liability Company, doing business as DoubleTree by Hilton Hotel Sunrise - Sawgrass Mills, (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq*. ("ADA").

    1.    Plaintiff, Rudolph Betancourt, is an individual residing in Fenwick, MI 48834, in the County of Montcalm.

    2.    Defendant's property, DoubleTree by Hilton Hotel Sunrise - Sawgrass Mills, is located at 13400 W. Sunrise Blvd., Sunrise, FL 33323, in the County of Broward.

    3.    Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.

4. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq*. *See also*, 28 USC § 2201 and § 2202.

6. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

7. Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

8. Mr. Betancourt regularly comes to South Florida and the municipalities therein, including Weston, Florida, to visit his friends and family members.

9. Mr. Betancourt was in the Marines, and has many colleagues he visits in South Florida. He enjoys the weather and the plethora of cultural events the city offers.

10. He also regularly comes to South Florida in conjunction with his son's participation with minor league baseball in the South Florida area.

11. Mr. Betancourt was a hotel guest at the subject hotel on October 11, 2021.

12. Mr. Betancourt would return to the subject hotel if it were made accessible for his use.

13. The barriers to access as set forth herein at the subject property have endangered his safety.

14. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

15. Defendant is responsible for complying with the obligations of the ADA.

16. The place of public accommodation that the Defendant owns, operates, leases, or leases to, is known as DoubleTree by Hilton Hotel Sunrise - Sawgrass Mills, and is located at 13400 W. Sunrise Blvd., Sunrise, FL 33323.

17. Rudolph Betancourt has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in this Complaint.

18. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

19. Mr. Betancourt desires to visit DoubleTree by Hilton Hotel Sunrise - Sawgrass Mills, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

20. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 USC § 12182, *et seq.*

21. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

22. A preliminary inspection of the DoubleTree by Hilton Hotel Sunrise - Sawgrass Mills has shown that violations exist.

23. These violations which Rudolph Betancourt personally encountered and/or

observed, and which were confirmed by an ADA expert include, but are not limited to:

### Entrances

24. The main lobby entrance does not provide the international symbol of accessibility or directional signage.

25. This makes it difficult for the Plaintiff to identify the accessible entrance.

26. The foregoing is in violation of Sections 216.4.3, 216.6, and 703.7.2.1 in the 2010 ADA Standards.

27. The remediation of the foregoing ADA violation is readily achievable.

### Common-Lobby Area

28. The service counter in the main lobby exceeds the maximum height requirement of 36 inches above the finish floor.

29. This makes it difficult for the Plaintiff to utilize.

30. The foregoing is in violation of Sections 904.4.1 and 904.4.2 in the 2010 ADA Standards, whose resolution is readily achievable.

31. The remediation of the foregoing ADA violation is readily achievable.

32. The credit card transaction has an operable mechanism that exceeds the maximum height requirement of 48 inches above the finish floor.

33. This makes it difficult for the Plaintiff to utilize.

34. The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

35. The remediation of the foregoing ADA violation is readily achievable.

### Peyton's Place Dining Area

36. The bar counter exceeds the maximum height requirement of 34 inches above the finish floor to the top of the table surface.

37. This makes it difficult for the Plaintiff to utilize.

38. The foregoing is in violation of Section 902.3 in the 2010 ADA Standards.

39. The remediation of the foregoing ADA violation is readily achievable.

40. The tables do not provide compliant knee and toe clearance as required.

41. This makes it difficult for the Plaintiff to utilize.

42. The foregoing is in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards.

43. The remediation of the foregoing ADA violation is readily achievable.

44. The high top tables exceed the maximum height requirement of 34 inches above the finish floor.

45. This makes it difficult for the Plaintiff to utilize.

46. The foregoing is in violation of Section 902.3 in the 2010 ADA Standards.

47. The remediation of the foregoing ADA violation is readily achievable.

48. The dining area does not provide at least 5% of compliant seating as required.

49. This makes it difficult for the Plaintiff to utilize.

50. The foregoing is in violation of Section 226.1 in the 2010 ADA Standards.

51. The remediation of the foregoing ADA violation is readily achievable.

**Accessible Public Men's Restroom in Fitness Center**

52. The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser.

53. This makes it difficult for the Plaintiff to utilize.

54. The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

55. The remediation of the foregoing ADA violation is readily achievable.

56. The trash receptacle is obstructing the toilet's 60 inches of perpendicular clearance from the side wall.

57. This makes it difficult for the Plaintiff to utilize.

58. The foregoing is in violation of Sections 604.3.1 and 604.3.2 in the 2010 ADA Standards.

59. The remediation of the foregoing ADA violation is readily achievable.

60. The trash receptacle is obstructing the clear floor space for an approach to the soap dispenser.

61. This makes it difficult for the Plaintiff to utilize.

62. The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

63. The remediation of the foregoing ADA violation is readily achievable.

**Accessible Public Men's Restroom**

64. The lavatory does not provide compliant knee clearance that is 8 inches deep minimum at 27 inches above the finish floor.

65. This makes it difficult for the Plaintiff to utilize.

66. The foregoing is in violation of Sections 306.3 and 306.3.3 in the 2010 ADA Standards.

67. The remediation of the foregoing ADA violation is readily achievable.

68. The mirror exceeds the maximum height requirement of 40 inches above the finish floor.

69. This makes it difficult for the Plaintiff to utilize.

70. The foregoing is in violation of Section 603.3 in the 2010 ADA Standards.

71. The remediation of the foregoing ADA violation is readily achievable.

72. The toilet compartment stall door is not self closing as required.

73. This makes it difficult for the Plaintiff to utilize.

74. The foregoing is in violation of Section 604.8.1.2 in the 2010 ADA Standards

75. The remediation of the foregoing ADA violation is readily achievable.

76. The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser.

77. This makes it difficult for the Plaintiff to utilize.

78. The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

79. The remediation of the foregoing ADA violation is readily achievable.

80. The toilet compartment stall door is missing a u-pull on the inside of the door.

81. This makes it difficult for the Plaintiff to utilize.

82. The foregoing is in violation of Sections 404.2.7 and 604.8.1.2 in the 2010 ADA Standards.

83. The remediation of the foregoing ADA violation is readily achievable.

**Accessible Guest Room 811**

84. The iron exceeds the maximum height requirement of 48 inches above the finish floor.

85. This makes it difficult for the Plaintiff to utilize.

86. The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

87. The remediation of the foregoing ADA violation is readily achievable.

88. The security lock's operable mechanism for the door exceeds the maximum height requirement of 48 inches above the finish floor.

89. This makes it difficult for the Plaintiff to utilize.

90. The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

91. The remediation of the foregoing ADA violation is readily achievable.

92. Both of the curtains' operable mechanisms exceed the maximum height requirement of 48 inches above the finish floor.

93. This makes it difficult for the Plaintiff to utilize.

94. The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

95. The remediation of the foregoing ADA violation is readily achievable.

96. The trash receptacle is obstructing the clear floor space for an approach to the phone in the bathroom.

97. This makes it difficult for the Plaintiff to utilize.

98. The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

99. The remediation of the foregoing ADA violation is readily achievable.

100. The toilet paper dispenser exceeds the required range from the front rim of the toilet of 7 inches minimum and 9 inches maximum.

101. This makes it difficult for the Plaintiff to utilize.

102. The foregoing is in violation of Section 604.7 in the 2010 ADA Standards.

103. The remediation of the foregoing ADA violation is readily achievable.

104. The shower spray unit exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism.

105. This makes it difficult for the Plaintiff to utilize.

106. The foregoing is in violation of Sections 608.2, 608.3, and 609.3 in the 2010 ADA Standards.

107. The remediation of the foregoing ADA violation is readily achievable.

108. The bathtub controls are not in the compliant location between the bathtub rim and grab bar, and between the open side of the bathtub and the centerline width of the bathtub.

109. This makes it difficult for the Plaintiff to utilize.

110. The foregoing is in violation of Section 607.5 in the 2010 ADA Standards.

111. The remediation of the foregoing ADA violation is readily achievable.

**Lack of Compliant Disabled Rooms Properly Disbursed**

112. The subject hotel lacks the required number of compliant disabled rooms.

113. The disabled rooms are not dispersed amongst the various classes of guest rooms.

114. The foregoing is in violation of Section 224.5 of the 2010 ADAAG.

115. The remediation of the foregoing ADA violation is readily achievable.

**Maintenance**

116. The accessible features of the facility are not maintained, creating barriers to access for Rudolph Betancourt, as set forth herein.

117. The foregoing is in violation of 28 CFR 36.211.

118. The remediation of the foregoing ADA violation is readily achievable.

119. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

120. The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations.

121. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

122. The Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

123. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

124. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

125. Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181, *et seq.,* and 28 CFR 36.302, *et seq.*

126. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by

failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

127. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

128. Furthermore, the public interest would not be disserved by a permanent injunction.

129. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

130. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

131. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

132. All other conditions precedent have been met by Plaintiff or waived by the Defendant.

133. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the DoubleTree by Hilton Hotel Sunrise - Sawgrass Mills, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

134. Prior to the filing of this lawsuit, Plaintiff's counsel conducted a thorough PACER search to determine if there were prior ADA filings regarding this property. In fact, two prior ADA filings were found against the property at issue.

   A. Howard Cohan v. SWVP Sawgrass Mills LLC, 0:19-cv-60395-DPG. The Plaintiff therein is known not to be disabled, and the allegations set forth therein relate solely to the property's common elements. The matter was apparently settled, though the settlement was not filed with the Court. The Plaintiff's counsel has not responded to request for status of settlement. Plaintiff's counsel therein was previously disbarred from this Court, and had his Florida Bar license revoked in 2018.

   B. Janet Hoyt v. SWVP Sawgrass Mills LLC, 0:17-cv-61500-BB. The matter was settled, though the settlement was not filed with the Court. Counsels for both parties were contacted. The Plaintiff's counsel did not respond to the

request. The Defendant's counsel has responded that the prior settlement is confidential and therefore and could not provide any information concerning its terms.

WHEREFORE, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq.*

B. Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

D. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

E. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

/s/Brandon A. Rotbart
Brandon A. Rotbart, Esq., Of Counsel
FL Bar No. 124771
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 – Facsimile
Rotbart@rotbartlaw.com

*Counsel for Plaintiff Rudolph Betancourt*